**In re SAPIENZA'S ESTATE (No. 2).**

Circuit Court, Palm Beach County, Civil Appeal.

November 16, 1954.

28

Burns, Middleton & Rogers, West Palm Beach, for appellant.

Caldwell, Pacetti, Robinson & Foster, West Palm Beach, for appellee.

C. E. CHILLINGWORTH, Circuit Judge.

This appeal from an order by the county judge August 10, 1954, was duly presented by counsel for the parties. The facts are set forth in the order of the county judge.

The sole question relates to interpretation to be placed upon the words "such election shall be granted or rejected by the county judge as the best interest of the parties entitled to participate in the estate of the deceased widow may require," as they appear in Florida Statutes 731.35(2).

The county judge apparently proceeded on the theory that he should consider the best interest of the parties entitled to participate in the estate of the deceased father, rather than the best interest of the children of the "deceased widow," in determining the assignment of dower.

The statute specifically requires a consideration only of the "best interest of the parties entitled to participate in the estate of the deceased widow." It seems clear that their best interest requires the allowance of dower. Otherwise, they would receive one fourth of the net assets of the deceased, James C. Sapienza, rather than one third, as dower.

As I view this question of law, the property or poverty of the parties entitled to the estate of the "deceased widow" is immaterial. If it is to their "best interest" to allow dower, then it "shall" be granted by the county judge.

Thereupon, it is ordered that the order entered by the county judge August 10, 1954, be reversed.